[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an objection (#156) to the court's exercise of jurisdiction to act upon a motion to modify a child support order (#155). The objection will be sustained for the reasons given below.
The marriage of the parties was dissolved in Missouri on August 23, 1988. Subsequently, the parties moved to Connecticut and registered their judgment of dissolution here. Over the years this court has modified the judgment on several occasions by the agreement of the parties. The plaintiff has moved to New York where she now resides permanently. The defendant has moved to Vermont where he now resides permanently with the minor child of the parties. The plaintiff is obligated to pay child support to the defendant pursuant to an order of this court. The plaintiff has moved to modify that child support order. The defendant has objected to that motion on the ground that this court does not have jurisdiction to entertain this motion to modify.
This issue is governed by C.G.S. Section 46b-212h (a), a portion of the Uniform Interstate Family Support Act adopted in Connecticut as of January 1, 1998. That section provides:
The Family Support Magistrate Division or the Superior Court issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a child support order: (1) As long as this state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued; or (2) until all of the parties who are individuals have filed written consents with the Family Support Magistrate Division for a tribunal of another state to modify the order and assume continuing exclusive jurisdiction.
A portion of the comment for this section of the uniform act states: "Just as subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also defines how jurisdiction to modify may be lost. That is, if all the relevant CT Page 4399 persons — the obligor, the individual obligee, and the child — have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or the child to justify exercise of jurisdiction to modify." 9 U.L.A. 284 (1996).
In this case, all of the relevant persons have permanently left the State of Connecticut. Therefore, Connecticut no longer has an appropriate nexus with the parties or the child to justify exercise of jurisdiction to modify the child support order. Consequently, the defendant's objection to the plaintiff's motion to modify is sustained.
 John W. Pickard Judge of the Superior Court
CT Page 4400